UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAL IBAN WILLIAMS,

          Petitioner,

v.

PATRICK WARREN,

          Respondent.
_____/

Case No. 19-10038

Stephanie Dawkins Davis
U.S. District Judge

### ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION (ECF NO.15), STAYING AND ADMINISTRATIVELY CLOSING CASE

On March 23, 2020, the Court issued an Order denying Petitioner Jamal Iban Williams' motion to stay proceedings in this habeas corpus matter.  (ECF No. 14.)  On April 10, 2020, Petitioner filed an "Objection" to the Court's Order.[1]  (ECF No. 15.)  The Court construes the objection as a motion for reconsideration.  The Court will grant the motion, stay further proceedings and administratively close the case.

**I.      BACKGROUND**

Petitioner was convicted by a jury in Macomb County Circuit Court of armed robbery, Mich. Comp. Laws § 750.529, and third-degree fleeing and eluding a police officer, Mich. Comp. Laws § 257.602a(3)(a).  He was sentenced as a fourth habitual offender to 20 to 30 years in prison for each conviction.  On June

---

[1] The motion was docketed on April 15, 2020, but, under the "prison mailbox rule," the motion is considered filed on the date that it was signed and dated, April 10, 2020. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

11, 2014, the trial court issued an amended judgment of sentence resentencing Petitioner to 25 to 37-1/2 years for each conviction based upon the trial court's interpretation of state sentencing laws.  (ECF No. 8-11, PageID.1390-91).  On direct appeal, the Michigan Supreme Court remanded the case to the trial court to reinstate the original (20 to 30 years) judgment of sentence.  *People v. Williams*, 501 Mich. 876 (2017).  On October 25, 2017, the trial court entered an order vacating the June 11, 2014 judgment of re-sentence and reinstating the original judgment of sentence.  (ECF No. 1-1, PageID.139).  Petitioner maintains that the trial court has not yet complied with the Michigan Supreme Court's order.

Petitioner then filed a habeas corpus petition raising 17 claims for relief, including eight sentencing-related claims.  (ECF No. 1).  After Respondent argued that the sentencing-related claims were unexhausted, Petitioner filed a motion to stay the petition to allow him to return to state court to exhaust his sentencing-related claims.  (ECF No. 9).  The Court denied the motion because it appeared that Petitioner's original sentence had been reinstated.  (ECF No. 14.)  Petitioner then filed the pending motion for reconsideration.

## II.    TIMELINESS OF MOTION

Pursuant to this District's Local Rules, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1) (E.D. Mich. July 1, 2013).  On March 23, 2020, the

2

Court issued its Order, and on April 10, 2020, Petitioner signed and dated his motion. Because the motion was submitted for filing more than 14 days after the Court issued its Order, the motion is untimely.

Petitioner attributes his late filing to difficulties arising from the COVID-19 pandemic. The prison has limited inmate movement and access to legal research to attempt to mitigate the virus's spread. Petitioner's motion was filed only four days late and the delay resulted from circumstances out of his control. The Court excuses the late filing and addresses the merits of the motion for reconsideration.

## III.   LEGAL STANDARD

Local Rule 7.1(g)(3) governs motions for reconsideration and provides as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3). A palpable defect is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

## IV.   ANALYSIS AND CONCLUSION

The Court denied Petitioner's motion for a stay because the trial court reinstated Petitioner's original sentence and the Michigan Department of Corrections (MDOC) corrected its records to reflect reinstatement of the original sentence.  (ECF No. 14, PageID.2786-87).  The Court held that Petitioner's sentencing-related claims were moot because he had achieved the relief sought. (*Id.* at 2787).

Petitioner seeks reconsideration on two grounds.  First, he argues that, contrary to the Court's holding, he has not achieved the relief he seeks for his sentencing-related claims.  This argument is unpersuasive because Petitioner fails to show that the trial court did not comply with the Michigan Supreme Court's order requiring reinstatement of the original sentence or that the MDOC's sentence calculation is based upon an invalid judgment of sentence.

In his second argument, Petitioner contends that, even if the trial court reinstated his original sentence, the sentence is nevertheless unconstitutional because the sentencing court relied on inaccurate information and improperly labeled him a fourth habitual offender.  Petitioner maintains that he may still obtain relief based on these claims and asks for the chance to do so.  Upon reconsideration, the Court finds that reinstatement of the original sentence does not necessarily foreclose relief on these claims in state court.

4

Because relief has not been foreclosed for all of Petitioner's sentencing-related claims, the Court considers whether a stay is warranted to allow Petitioner to raise these claims in state court. A federal court may stay further proceedings in a habeas corpus proceeding only where a petitioner can show that: (1) his unexhausted claims are not plainly meritless, and (2) there was good cause for failing to present the claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner's unexhausted claims are not plainly meritless. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Petitioner's contentions that he was sentenced on the basis of inaccurate information and that he was improperly sentenced as a fourth habitual offender, if supported by sufficient evidence, raise colorable constitutional claims and are therefore not "plainly meritless." *See Hickey v. Hoffner*, 701 Fed. Appx. 422, 426 (6th Cir. 2017) (finding an unexhausted claim not "plainly meritless" because it presented a colorable constitutional claim).

Second, the amount of time remaining on the one-year limitations period applicable to habeas petitions may constitute "good cause" for filing a habeas petition prior to exhausting state court remedies. *See Gerber v. Varano*, 512 Fed.

5

Appx. 131, 135 (3d Cir. 2013).  Because the amount of time remaining of the limitations period creates a risk that Petitioner may not be able to timely file a § 2254 petition after exhaustion of state-court remedies, Petitioner has shown good cause for failing to exhaust his state court remedies before filing his petition.  The Court will grant Petitioner's request for a stay.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  *Id.* at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order.  *See id.*  Petitioner must also ask this court to lift the stay within sixty days of completing state court review.  *Id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  *Id.* (internal quotation omitted).

**V. ORDER**

For the reasons stated, the Court **GRANTS** Petitioner's Motion for Reconsideration. (ECF No. 9).  The habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**.  If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the

date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further **ORDERS** that the Clerk of Court shall close this case for statistical purposes only.

**IT IS SO ORDERED**.

Dated:  December 11, 2020                              s/Stephanie Dawkins Davis
                                                                               Stephanie Dawkins Davis
                                                                               United States District Judge